PEOPLE v DUNBAR

Docket No. 314877. Submitted April 1, 2014, at Grand Rapids. Decided
September 9, 2014, at 9:05 a.m. Leave to appeal sought.

Charles Almando-Maurice Dunbar was charged in the Muskegon
Circuit Court with various controlled substance and weapons
crimes in connection with items seized from his pickup during a
traffic stop. Defendant had a trailer towing ball attached to the
rear bumper, and the police officers were unable to read one of the
seven characters on the pickup's license plate. They stopped
defendant after concluding that he was violating MCL 257.225(2),
which provides that a vehicle's license plate must be maintained
free of foreign materials that obscure or partially obscure the
registration information and in a clearly legible condition. Defen-
dant moved to suppress the evidence of the contraband discovered
on the grounds that the traffic stop violated his rights under the
Fourth Amendment and Const 1963, art 1, § 11. The court,
Timothy G. Hicks, J., denied the motion, and defendant appealed
by leave granted.

In separate opinions, the Court of Appeals *held*:

Defendant did not violate MCL 257.225(2), and the trial court
erred by denying his motion to suppress the contraband.

SHAPIRO, J., stated in the lead opinion that when the officers
initiated the traffic stop, they had no basis to believe that
defendant was engaged in any criminal conduct. They testified
that defendant was driving safely, that they did not see him
violate any traffic laws governing vehicle operation, and that he
did not engage in any suspicious behavior. The sole basis for the
stop was their conclusion that defendant was violating MCL
257.225(2), but the circumstances observed by the officers did
not constitute a violation of that statute. The mere presence of
a towing ball was not a violation of MCL 257.225(2), which
requires that the license plate be maintained free from foreign
materials and kept in a legible condition. The statute does not
refer to trailer hitches, towing balls, or other commonly used
towing equipment that might partially obscure the view of an
otherwise legible plate. There was no evidence that the plate on
defendant's truck was not maintained free of foreign materials.

There was no evidence that defendant's plate was dirty, rusted, defaced, scratched, snow-covered, or otherwise not maintained in legible condition, and the officers agreed that it was legible. Because the officers did not have grounds to believe that defendant was violating MCL 257.225(2), the search was conducted in violation of the Fourth Amendment.

O'CONNELL, J., concurred with the lead opinion's result but stated that MCL 257.225(2) is ambiguous, and to avoid a construction that would render the statute unconstitutionally void for vagueness, it must be interpreted as requiring only that the license plate itself be maintained free from materials that obscure the registration information and that the plate itself be in a clearly legible condition. The subject matter of MCL 257.225 is the physical location and condition of license plates, and it does not address trailer hitches or other types of car equipment. Given the limited subject matter of the statute, it was necessary to interpret MCL 257.225(2) as prohibiting physical obstructions affixed to license plates. Because there was no evidence of any obstruction affixed to defendant's license plate, there was no evidence that he was in violation of MCL 257.225(2).

Reversed.

METER, P.J., dissented and stated that the trial court did not clearly err by concluding that a trailer hitch obstructed defendant's license plate. The deputies could not see the entire license plate number because it was obstructed, and the trial court correctly determined that the obstruction of the number provided a lawful basis for the traffic stop. Therefore, it was not necessary to suppress the drugs and handgun seized during the traffic stop. The lead and concurring opinions incorrectly concluded that MCL 257.225(2) concerns only items that touch the plate itself. The statute, however, refers to keeping the plate free from obstructing materials. A license plate that is in otherwise perfect condition but cannot be read because of obstructing materials is not being kept in a clearly legible condition. Judge METER would have affirmed.

MOTOR VEHICLES — LICENSE PLATES — TRAILER HITCHES — OBSCURED PLATE.

The mere presence of a towing ball that partially obscures the license plate on a vehicle by itself is not a violation of MCL 257.225(2), which provides that a vehicle's license plate must be maintained free of foreign materials that obscure or partially obscure the registration information and in a clearly legible condition.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *D. J. Hilson*, Prosecuting Attorney, and *Charles F. Justian*, Chief Appellate Attorney, for the people.

*Michael L. Oakes* for defendant.

Before: METER, P.J., and O'CONNELL and SHAPIRO, JJ.

SHAPIRO, J. This case arises out of an October 12, 2012 traffic stop during which police officers discovered contraband in defendant's pickup truck. Defendant moved to suppress the evidence of the discovered contraband on the grounds that the traffic stop violated his rights under the Fourth Amendment of the United States Constitution and Article 1, § 11 of the Michigan Constitution. The trial court denied the motion, and we granted defendant's application for leave to appeal. Because no traffic violation had occurred or was occurring, we reverse.[1]

The Fourth Amendment guarantees "[t]he right of the people . . . against unreasonable searches and seizures . . . ." US Const, Am IV. "An automobile stop is . . . subject to the constitutional imperative that it not be 'unreasonable' under the circumstances. . . . [T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v United States*, 517 US 806, 810; 116 S Ct 1769; 135 L Ed 2d 89 (1996); see also *People v Kazmierczak*, 461 Mich 411, 420 n 8; 605 NW2d 667 (2000); *People v Davis*, 250 Mich App 357, 363-364; 649 NW2d 94 (2002).

The prosecution concedes that when the officers initiated the traffic stop they had no basis to believe

---

[1] We review de novo a trial court's ruling on a motion to suppress. *People v Davis*, 250 Mich App 357, 362; 649 NW2d 94 (2002).

that defendant was engaged in any criminal conduct. In addition, the officers testified that defendant was driving safely, they did not see him violate any traffic laws governing vehicle operation, and he did not engage in any suspicious behavior. They testified that the sole basis for the stop was their conclusion that defendant was violating a traffic law, MCL 257.225(2), which provides in pertinent part that "[a vehicle's license] plate shall be maintained free from foreign materials that obscure or partially obscure the registration information and in a clearly legible condition."[2] We conclude that the circumstances observed by the officers did not constitute a violation of this statute.

As noted, the officers testified that defendant was driving safely and lawfully when they stopped him. They explained that when they have no other matters to attend to on patrol, as a matter of course they randomly enter the license plate numbers of cars they are following, a practice that sometimes reveals that the driver is subject to an outstanding warrant. According to the officers' testimony, they had difficulty reading one of the seven characters on the pickup's license plate due to the presence of a trailer towing ball attached to the rear bumper. One of the officers testified that he was able to determine, while driving behind defendant, that the license plate number was either CHS 6818 or CHS 5818. It was, in fact, CHS 6818.

Common experience reveals that thousands of vehicles in Michigan are equipped with trailer hitches and towing balls. The prosecution argues, however, that the presence of that equipment behind a license plate is a violation of MCL 257.225(2) and, therefore, the officers

---

[2] As amended by 2014 PA 26. MCL 257.225(a) as amended by 1995 PA 129 was the version in effect at the time of the traffic stop, but it had only slight grammatical differences that do not affect the analysis.

had proper grounds to conclude that a traffic law was being violated. However, the mere presence of a towing ball is not a violation of MCL 257.225(2). The statute provides that "[*t*]*he plate* shall be maintained free from foreign materials that obscure or partially obscure the registration information and in a clearly legible condition." (Emphasis added.) The statute makes no reference to trailer hitches, towing balls, or other commonly used towing equipment that might partially obscure the view of an otherwise legible plate. There is no evidence that *the plate* on defendant's truck was not maintained free of foreign materials. There is similarly no evidence that defendant's plate was dirty, rusted, defaced, scratched, snow-covered, or otherwise not "maintained" in legible condition. The plate was well lit and in essentially pristine condition. Moreover, the officers agreed that the plate was legible, a fact confirmed by the photos taken at the scene.

In this case, the officers did not have grounds to believe that defendant was in violation of MCL 257.225(2) and they, as well as the prosecution, agree there was no other basis for the stop. Accordingly, we reverse the trial court's denial of defendant's motion to suppress the contraband seized during an automobile search conducted in violation of the Fourth Amendment. *Whren*, 517 US at 809-810.

Reversed. We do not retain jurisdiction.

O'CONNELL, J. (*concurring*). I concur with the result reached by the lead opinion. I write separately to state that MCL 257.225(2) is ambiguous. In fact, the statute casts a net so wide that it could be construed to make ordinary car equipment illegal, including equipment like bicycle carriers, trailers, and trailer hitches. This broad construction would render the statute unconsti-

tutionally vague for failure to provide fair notice of the conduct the statute purports to proscribe. See *People v Hrlic*, 277 Mich App 260, 263; 744 NW2d 221 (2007). However, this Court must construe statutes as constitutional if possible and must examine statutes in light of the particular facts at issue. *People v Harris*, 495 Mich 120, 134; 845 NW2d 477 (2014). Accordingly, I would interpret MCL 257.225(2) to require only that the *license plate itself* be maintained free from materials that obscure the registration information and that the *plate itself* be in a clearly legible condition.

This interpretation is consistent with the fair and natural import of the provisions in MCL 257.225(2) in view of the statute's subject matter. See *People v McGraw*, 484 Mich 120, 124; 771 NW2d 655 (2009) (stating that provisions should be construed by considering the subject matter of the statute). The subject matter of MCL 257.225 is the physical location and condition of license plates: Subsection (1) addresses the license plate's location on a vehicle, Subsection (3) addresses the colors used on license plates and expiration tabs, and Subsections (4) and (5) address name plates, insignias, and advertising devices that could obscure the registration information on license plates. MCL 257.225(1), (3), (4), and (5).[1] The statute does not address trailer hitches or other types of car equipment. Given the limited subject matter of the statute, this Court should interpret Subsection (2) of the statute to prohibit physical obstructions affixed to license plates.

---

[1] After defendant's arrest in this case, the Legislature amended MCL 257.225 to add a subsection addressing license plates on historic military vehicles. MCL 257.225(6), as amended by 2014 PA 26. The amendment also made minor punctuation and grammatical changes in Subsection (2). MCL 257.225(2), as amended by 2014 PA 26.The changes are not relevant to the analysis in this case.

See *People v Gaytan*, 2013 Ill App 120217, ¶¶ 38-40; 372 Ill Dec 478; 992 NE2d 17 (2013), lv granted 996 NE2d 18 (Ill, 2013).

In this case, there is no evidence of any obstruction affixed to defendant's license plate. Consequently, there is no evidence that defendant was in violation of MCL 257.225(2), and the circuit court decision must be reversed.

METER, P.J. (*dissenting*). For the reasons set forth below, I respectfully dissent. I would affirm the denial of defendant's motion to suppress the evidence.

This case arises out of a traffic stop of defendant's vehicle. On October 12, 2012, at approximately 1:00 a.m., deputies of the Muskegon County Sherriff's Department stopped defendant's truck on the basis of an obstructed license plate. After stopping defendant's vehicle, deputies found cocaine, marijuana, and a handgun.

Defendant argues that the deputies did not have a lawful basis for stopping his truck and that his motion to suppress should have been granted. "A trial court's ruling on a motion to suppress evidence is reviewed for clear error, but its conclusions of law are reviewed de novo." *People v Unger*, 278 Mich App 210, 243; 749 NW2d 272 (2008). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Malone*, 287 Mich App 648, 663; 792 NW2d 7 (2010) (citation and quotation marks omitted). If the trial court was in a superior position to assess the evidence, we will give deference to the trial court's resolution of factual issues, especially when it involved the credibility of witnesses. MCR 2.613(C); *People v Farrow*, 461 Mich 202, 209; 600 NW2d 634 (1999).

The lawfulness of a search or seizure depends upon its reasonableness. See *Virginia v Moore*, 553 US 164, 171; 128 S Ct 1598; 170 L Ed 2d 559 (2008). "In order to effectuate a valid traffic stop, a police officer must have an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law." *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009) (citation and quotation marks omitted). MCL 257.225(2) provides that a license plate "shall be maintained free from foreign materials that obscure or partially obscure the registration information and in a clearly legible condition."[1] A violation of MCL 257.225(2) constitutes a civil infraction. MCL 257.225(7). "A police officer who witnesses a civil infraction may stop and temporarily detain the offender . . . ." *People v Chapo*, 283 Mich App 360, 366; 770 NW2d 68 (2009).

The record shows that the trial court did not clearly err by concluding that defendant's license plate was obstructed by a trailer hitch. At the hearing, the deputies testified that they could not see the entire license plate number because it was obstructed by a trailer hitch. The trial court determined that the deputies were credible, which is a determination that we will not disturb. See MCR 2.613(C) and *Farrow*, 461 Mich at 209. Additionally, the trial court's finding is supported by pictures taken at the scene, which show that defendant's license plate was obstructed.

Further, because police officers may stop and detain an individual who commits a civil infraction, *Chapo*, 283 Mich App 366, the trial court correctly determined that the obstruction of defendant's license plate num-

---

[1] MCL 257.225 was amended by 2014 PA 26 after the incident in this case, but the changes to the pertinent subsections are immaterial for purposes of this appeal.

ber provided a lawful basis for the traffic stop pursuant to MCL 257.225(2) and that suppression of the drugs and handgun seized during the traffic stop was not required.

It is simply unreasonable to expect police officers to essentially "weave" within a lane in order to view the entire license plate of a vehicle.[2] Moreover, the lead and concurring opinions appear to indicate that the pertinent phrase from MCL 257.225(2)—"[t]he plate shall be maintained free from foreign materials . . . and in a clearly legible condition"—concerns only items that touch the plate itself. This is not a reasonable reading of the statute. What if, for example, a person attached a sort of shield that entirely covered his or her license plate but did not touch the plate itself? Clearly the statute refers to keeping the plate free from obstructing materials. *Random House Webster's College Dictionary* (1997) defines "maintain," in part, as "to keep in a specified state, position, etc." A license plate that is in otherwise perfect condition but cannot be read because of obstructing materials is not being "kept" in "a clearly legible condition."[3]

I would affirm.

---

[2] Nor should officers be required to enter multiple possible numbers into their computers to try to ascertain the correct license plate number for a vehicle.

[3] Because it is not in issue here, I do not reach the question regarding whether a properly licensed, attached trailer that obscures a vehicle's license plate would be grounds for a traffic stop. As noted in the concurring opinion, this Court must find a statute constitutional unless its unconstitutionality is clearly apparent and, as long as First Amendment concerns are not present in conjunction with a vagueness issue, this Court must examine a statute in light of the particular facts at issue. *People v Harris*, 495 Mich 120, 134; 845 NW2d 477 (2014); *People v Williams*, 142 Mich App 611, 613; 370 NW2d 7 (1985). I conclude that MCL 257.225(2) is constitutional as applied to the present facts and also conclude that it provided a valid basis for the traffic stop.