# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TYRONE POSEY,

        Defendant-Appellant.

UNPUBLISHED
May 7, 2015

No. 319593
Wayne Circuit Court
LC No. 07-020042-FH

Before: BECKERING, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Defendant appeals his bench trial conviction of possession with intent to deliver cocaine in violation of MCL 333.7401(2)(a)(*iii*). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

While making a traffic stop with colleagues, a Detroit Police officer saw defendant, who was a passenger in the vehicle, get out of the car and throw a bag of what appeared to be illegal drugs in the front seat of the car. The driver took the bag and placed it under the passenger seat. After detaining defendant and his associate, the police took the bag from under the seat, and saw what appeared to be crack cocaine. A forensic chemist at the department verified that the bag contained cocaine.

The prosecution charged defendant with possession of cocaine with intent to deliver it, under MCL 333.7401(2)(a)(*iii*). After a bench trial, at which defendant testified on his own behalf, the court found defendant guilty.[1] On appeal, defendant claims that he received ineffective assistance of counsel because his trial attorney did not challenge the legality of the traffic stop that led to defendant's prosecution. He also asserts that the trial court erred when it did not make a downward departure from the sentencing guidelines.

---

[1] The court convicted defendant in February 2008, but his sentencing hearing did not take place until October 2013. In the interim, defendant supposedly fled to Missouri. He periodically visited Detroit, but did not turn himself in for sentencing during these visits.

## II. STANDARD OF REVIEW

Because defendant did not (1) file a motion for a new trial or (2) ask for an evidentiary hearing pursuant to *People v Ginther*[2] in the trial court, his claim for ineffective assistance of counsel is unpreserved. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Accordingly, we review his claim for mistakes apparent on the record. *Id*. "Whether defendant was denied the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Vaughn*, 491 Mich 642, 650; 821 NW2d 288 (2012). The trial court's findings of fact are reviewed for clear error, while matters of constitutional law are reviewed de novo. *Id*.

A trial court's departure from the legislative sentencing guidelines range is reviewed for clear error, but "we review for an abuse of discretion whether the reasons given for departure are substantial and compelling." *People v Malinowski*, 301 Mich App 182, 185; 835 NW2d 468 (2013). Questions of law are reviewed de novo. *Id*.

## III. ANALYSIS

## A. ASSISTANCE OF COUNSEL

Effective assistance of counsel is guaranteed by the United States and Michigan constitutions. US Const Am VI; Const 1963, art 1, § 20. "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defense counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Vaughn*, 491 Mich at 670. An attorney cannot be held ineffective for failure to make a meritless objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

The Fourth Amendment of the United States Constitution protects a person against unreasonable searches and seizures. *People v Dunbar*, 306 Mich App 562, 564; 857 NW2d 280 (2014). However, a police officer's decision to stop an automobile does not violate the Fourth Amendment if the police officer has probable cause to believe that a traffic violation occurred. *Id*.

MCL 257.648(1) provides, "[t]he operator of a vehicle or bicycle upon a highway, before stopping or turning from a direct line, shall first determine that the stopping or turning can be made in safety and shall give a signal as required in this section." Violation of MCL 257.648 is a civil infraction. MCL 257.648(6). In turn, MCL 257.648(2) mandates that "a signal required under this section shall be given either by means of the hand and arm in the manner specified in

---

[2] 390 Mich 436; 212 NW2d 922 (1973).

this section, or by a mechanical or electrical signal device that conveys an intelligible signal or warning to other highway traffic."[3]

Here, the traffic stop that led to defendant's prosecution was legal. Police officers testified at trial that they saw the car in which defendant was a passenger make a left-hand turn without using a left-turn signal, which gave them cause to stop the vehicle pursuant to MCL 257.648. Though defendant testified that the driver used a left-turn signal when he made the turn, the trial judge did not find defendant's assertions to be credible.[4] Defendant's counsel cannot be held ineffective for failure to make a meritless objection. *Ericksen*, 288 Mich App at 201.

## B. SENTENCING GUIDELINES

"If the sentence of a trial court is within the appropriate sentencing guidelines range, this Court must affirm that sentence unless the trial court erred by scoring the guidelines or relied on inaccurate information when determining the defendant's sentence." *Malinowski*, 301 Mich App at 185. A trial court may depart from the sentencing guidelines if it has a substantial and compelling reason to do so, and those reasons must be stated on the record. *Id*. at 185-186. The court's reasons for "a particular departure" from the guidelines range must be "objective and verifiable." *Id*. at 186.

Here, the trial court sentenced defendant to a minimum sentence of 88 months' imprisonment, which was within the sentencing guidelines range of 87 to 145 months' imprisonment. Accordingly, we must affirm the sentence unless "the trial court erred by scoring the guidelines or relied on inaccurate information when determining the defendant's sentence." *Id*. at 185. Defendant does not argue that the trial court improperly scored the guidelines "or

---

[3] At the outset, we note that defendant's argument for ineffective assistance of counsel is premised on the assertion that the district court dismissed the case against the driver of the vehicle. Defendant, who must establish the factual predicate for this claim, has not done so. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). He failed to provide any record materials to show that the driver's case was dismissed, or the court's reasons for the supposed dismissal. Were we nonetheless to assume the existence of such a judgment, defendant fails to explain why the outcome in the driver's case should dictate the outcome in this case. See *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) ("[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority").

[4] We note that defendant does not argue that the officers improperly took the cocaine from the car. This is most likely because the officers lawfully stopped the vehicle, and the cocaine was in plain view. See *People v Antwine*, 293 Mich App 192, 201; 809 NW2d 439 (2011).

relied on inaccurate information when determining the defendant's sentence."[5]  Accordingly, his appeal on this issue has no merit.

       Affirmed.

                          /s/ Jane M. Beckering
                          /s/ Mark J. Cavanagh
                          /s/ Henry William Saad

---

[5] Defendant instead asserts that the trial court did not consider his work history and familial connections during the period from 2008 to 2013, when he evaded sentencing for his conviction. But the trial court heard his attorney make this argument, and did not decide to make a downward departure.  Because the trial court's sentencing determination is within the guidelines, it is not appropriate for us to consider this argument on appeal for the reasons stated above.