PEOPLE v DUNBAR

Docket No. 150371. Argued on application for leave to appeal November 4, 2015. Decided March 29, 2016.

Charles A.-M. Dunbar was charged in the Muskegon Circuit Court with possession of cocaine, possession of marijuana, and carrying a concealed weapon in connection with items seized from his truck during a traffic stop. Defendant's truck had a towing ball attached to the rear bumper, and the police officers were unable to read one of the seven characters on the truck's registration plate because the towing ball partially obstructed their view. Surmising that the plate read either CHS 5818 or CHS 6818, one of the officers entered CHS 5818 into the Law Enforcement Information Network and discovered that it was the plate number for a different vehicle. The officers then stopped defendant after concluding that he was violating MCL 257.225(2), which provides that a vehicle's registration plate must be mounted in a place and position that is clearly visible and maintained free from foreign materials that obscure or partially obscure the registration information and in a clearly legible condition. They smelled burned marijuana within the vehicle, leading to a search during which they found drugs and a handgun. Defendant moved to suppress the evidence of the contraband on the grounds that it was the fruit of an illegal seizure under the Fourth Amendment and Const 1963, art 1, § 11 because the officers lacked a lawful basis for stopping his vehicle. The court, Timothy G. Hicks, J., denied the motion, concluding that defendant's obstructed plate violated MCL 257.225(2) and therefore provided a lawful basis for the stop. Defendant appealed by leave granted. The Court of Appeals, SHAPIRO, J. (O'CONNELL, J., concurring and METER, P.J., dissenting), reversed. In the lead opinion, Judge SHAPIRO asserted that while the officers had difficulty reading one character on the registration plate because of the towing ball, the circumstances that the officers observed did not constitute a violation of MCL 257.225(2) because the plate itself was clean and legible and the statute does not refer to trailer hitches, towing balls, or other commonly used towing equipment. Judge O'CONNELL concurred in the result and wrote separately to state that the statute was ambiguous and unconstitutionally vague, criminalizing the use of ordinary car equipment

such as bicycle carriers, trailers, and trailer hitches. He concluded that MCL 257.225(2) required only that the plate itself be maintained free from materials that obscure the registration information and in a clearly legible condition. Judge METER dissented and contended that defendant's obstructed registration plate provided a lawful basis to stop him. 306 Mich App 562 (2014). The prosecution sought leave to appeal, and the Supreme Court ordered and heard oral argument on whether to grant leave or take other action. 497 Mich 978 (2015).

In a unanimous opinion by Justice MARKMAN, the Supreme Court *held*:

Defendant violated MCL 257.225(2) because the attached towing ball partially obstructed the police officers' view of the truck's plate. The officers therefore had a lawful basis for stopping defendant's vehicle and, after smelling marijuana within it, lawfully discovered the contraband. The trial court correctly denied defendant's motion to suppress. MCL 257.225(2) regulates the placement and condition of registration plates. The second sentence of that subsection requires that the plate be attached at no less than a specific height on the vehicle and in a place and position that is clearly visible. The third sentence of the subsection requires that the plate be maintained free from foreign materials that obscure or partially obscure the registration information and in a clearly legible condition. The Court of Appeals panel examined the wrong part of the statute in concluding that defendant did not violate MCL 257.225(2). Rather than analyzing whether defendant violated the clear-visibility requirement of the subsection's second sentence, the panel analyzed only whether he violated the subsection's third sentence, concluding that there was no evidence indicating that defendant's plate had not been maintained in legible condition. This case, however, concerns the second sentence of the subsection, which directs that a registration plate must be attached in a place and position that is clearly visible. It requires that the registration plate be attached where it can be seen without obstruction. Under it, a person must configure his or her vehicle's registration plate and surrounding attachments in a manner that ensures that the plate is not partially or fully obstructed. The statute therefore prohibits obstruction of a registration plate by an object attached to a vehicle. Even if the Court of Appeals panel correctly concluded that the plate was clearly legible under the third sentence of MCL 257.225(2), the statute's second and third sentences impose separate and distinct duties. One can comply with the third sentence by maintaining a legible plate yet still violate the second sentence by failing to attach that legible plate in

a place and position that is clearly visible. The Court of Appeals panel erred by failing to consider whether defendant violated the subsection's second sentence.

Court of Appeals' judgment reversed, trial court's denial of motion to suppress reinstated, and case remanded to the trial court for further proceedings.

MOTOR VEHICLES — REGISTRATION PLATES — OBSTRUCTIONS.

MCL 257.225(2) regulates the placement and condition of vehicle registration plates; the statute requires both that the plate be attached at no less than a specific height on the vehicle and in a place and position that is clearly visible and that the plate be maintained free from foreign materials that obscure or partially obscure the registration information and in a clearly legible condition; a person must configure his or her vehicle's registration plate and surrounding attachments in a manner that ensures that the plate is not partially or fully obstructed; the statute prohibits obstruction of a registration plate by an object attached to a vehicle, for example, a bumper-mounted towing ball; accordingly, even if a person maintains a plate free from foreign materials that obscure or partially obscure the registration information and in a clearly legible condition, he or she could still violate MCL 257.225(2) by failing to attach the plate in a place and position that is clearly visible.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *D. J. Hilson*, Prosecuting Attorney, and *Charles F. Justian*, Chief Appellate Attorney, for the people.

*Oakes Law Group PLLC* (by *Michael L. Oakes*) for defendant.

Amici Curiae:

*Victor Fitz, Kym L. Worthy*, and *Timothy A. Baughman* for the Prosecuting Attorneys Association of Michigan.

*Helton Law, PLLC* (by *Steven D. Helton*), and *Bradley R. Hall* for Criminal Defense Attorneys of Michigan.

MARKMAN, J. This case arises from a traffic stop of defendant made after police officers observed that his vehicle's registration plate was partially obstructed by a bumper-mounted towing ball, a civil infraction under MCL 257.225(2) and (7). During this stop, the officers smelled burnt marijuana within the vehicle, leading to a search of the vehicle during which they discovered contraband, including marijuana, cocaine, and a handgun. Defendant subsequently moved in the trial court to suppress that contraband as the fruit of an illegal seizure because, according to defendant, the officers lacked a lawful basis on which to stop his vehicle. The trial court denied defendant's motion, concluding that his obstructed plate violated MCL 257.225(2) and therefore provided a lawful basis on which to stop his vehicle. The Court of Appeals, however, concluded that MCL 257.225(2) does not prohibit the obstruction of a registration plate by a towing ball and reversed. We respectfully disagree with the Court of Appeals and reverse its judgment. For the reasons set forth below, we conclude that defendant violated MCL 257.225(2) and therefore that the police officers had a lawful basis on which to stop him. The trial court accordingly was correct to deny defendant's motion to suppress.

## I. FACTS AND HISTORY

In the early morning of October 12, 2012, defendant was driving his Ford Ranger pickup truck on West Hackley Avenue in Muskegon Heights. Muskegon County Sheriff Deputies James Ottinger and Jason Van Andel were on a routine patrol and started following defendant. Ottinger testified that the officers' decision to follow defendant was not based on any particular suspicious activity. They nonetheless decided to check his truck's registration plate against the Law

Enforcement Information Network (LEIN), a state-wide computerized information system, which, according to Ottinger, is commonly done on patrol. According to Van Andel, a towing ball on the truck's bumper partially obstructed his view of the truck's registration plate; however, from his vantage point, the officer surmised that the plate read either CHS 5818 or CHS 6818. He entered CHS 5818 into LEIN, which returned as the registration-plate number for a 2007 Chevrolet Equinox rather than a Ford Ranger. Both officers testified that they decided to stop defendant for having an obstructed registration plate.[1] The officers then turned on their overhead lights, and defendant promptly pulled over.

The officers approached defendant's pickup truck and could then see that the plate read CHS 6818 rather than CHS 5818. While talking with defendant, the officers smelled burnt marijuana coming from the vehicle. A vehicle search revealed contraband, including marijuana, cocaine, and a handgun, leading to defendant's being criminally charged with possession of cocaine, possession of marijuana, and carrying a concealed weapon.[2]

In the trial court, defendant moved to suppress the contraband. He argued that he had been unlawfully seized under the Fourth Amendment of the United States Constitution and article 1, § 11 of the Michigan Constitution because the officers lacked a "reasonable suspicion" of an offense supporting the traffic stop. Therefore, he proceeded to argue, the ensuing discov-

[1] When asked why he had not attempted to enter CHS 6818 into LEIN, Van Andel testified merely that the decision to stop defendant was made upon learning that CHS 5818 was associated with a 2007 Chevrolet Equinox.

[2] The vehicle search itself has not been challenged.

ery of contraband had been the fruit of an illegal seizure. Following a hearing, the trial court determined that the towing ball on defendant's truck had obstructed the officers' view of the truck's registration plate and thus concluded that the stop had been properly grounded on defendant's violation of MCL 257.225(2). Accordingly, it denied defendant's motion to suppress.

The Court of Appeals granted defendant's motion for interlocutory appeal and reversed in a split decision. *People v Dunbar*, 306 Mich App 562; 857 NW2d 280 (2014). In the lead opinion, Judge SHAPIRO asserted that while the officers "had difficulty reading one of the seven characters on the pickup's license plate due to the presence of a trailer towing ball attached to the rear bumper," "the circumstances observed by the officers did not constitute a violation" of MCL 257.225(2) because the plate *itself* was clean and legible and the "statute makes no reference to trailer hitches, towing balls, or other commonly used towing equipment . . . ." *Id.* at 565-566 (opinion by SHAPIRO, J.). Judge O'CONNELL concurred in the result and wrote separately to state that the statute is "ambiguous" and "unconstitutionally vague" because it "casts a net so wide that it could be construed to make ordinary car equipment illegal, including equipment like bicycle carriers, trailers, and trailer hitches." *Id.* at 566-567 (opinion by O'CONNELL, J.). He thus read MCL 257.225(2) "to require only that the *license plate itself* be maintained free from materials that obscure the registration information and that the *plate itself* be in a clearly legible condition." *Id.* at 567. Judge METER dissented and contended that defendant's obstructed registration plate provided the officers with a lawful basis on which to stop defendant. *Id.* at 569-570 (opinion by METER, P.J.).

The prosecutor applied in this Court for leave to appeal, and we ordered under MCR 7.302(H)(1) that oral argument be held to address whether to grant leave or take other action. *People v Dunbar*, 497 Mich 978 (2015). The parties were directed to brief "whether the license plate affixed to the defendant's vehicle violated MCL 257.225(2) where it was obstructed by a towing ball, thereby permitting law enforcement officers to conduct a traffic stop of the defendant's vehicle." *Id.* We heard oral argument on November 4, 2015, and now consider the prosecutor's application. In lieu of granting leave to appeal, we reverse the Court of Appeals' judgment.

## II. STANDARD OF REVIEW

In considering a trial court's ruling on a motion to suppress, we review its factual findings for clear error and its interpretation of the law de novo. *People v Tanner*, 496 Mich 199, 206; 853 NW2d 653 (2014).

## III. ANALYSIS

We review here the Court of Appeals' determination that defendant did not violate MCL 257.225(2) when his truck's registration plate was partially obstructed by a towing ball. If defendant violated this statute, the ensuing traffic stop was lawful. See MCL 257.742(1) ("A police officer who witnesses a person violating [the Michigan Vehicle Code, MCL 257.1 through MCL 257.923] . . . , which violation is a civil infraction, may stop [and temporarily] detain the person . . . ."); MCL 257.225(7) ("A person who violates this section is responsible for a civil infraction."); see also *Whren v United States*, 517 US 806, 810; 116 S Ct 1769; 135 L Ed 2d 89 (1996) ("[T]he decision to stop an automobile

is reasonable where the police have probable cause to believe that a traffic violation has occurred.").

When interpreting a statute, we seek "to ascertain the legislative intent that may be reasonably inferred from the words expressed in the statute." *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 529; 872 NW2d 412 (2015). We "give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory." *People v Miller*, 498 Mich 13, 25; 869 NW2d 204 (2015). We interpret the text "according to the common and approved usage of the language." MCL 8.3a. Unless we conclude that the statute is ambiguous, the Legislature is "presumed to have intended the meaning expressed" in the statute. *People v Likine*, 492 Mich 367, 387; 823 NW2d 50 (2012). A clear and unambiguous statute "must be enforced as written and no further judicial construction is permitted." *Gardner v Dep't of Treasury*, 498 Mich 1, 6; 869 NW2d 199 (2015).

The provision of the statute at issue, MCL 257.225(2), regulates the placement and condition of registration plates:

> A registration plate shall at all times be securely fastened in a horizontal position to the vehicle for which the plate is issued so as to prevent the plate from swinging. The plate shall be attached at a height of not less than 12 inches from the ground, measured from the bottom of the plate, in a place and position which is clearly visible. The plate shall be maintained free from foreign materials that obscure or partially obscure the registration information, and in a clearly legible condition.[3]

---

[3] As amended by 1995 PA 129. Following the events giving rise to this case, the Legislature enacted 2014 PA 26, which amended MCL 257.225(2) by substituting "that" for "which" in the second sentence and

This case concerns the second sentence of the provision, which directs that a registration plate "shall be attached ... in a place and position which is clearly visible."[4] The phrase "place and position" indicates that this sentence governs the location of the registration plate on a vehicle. This location must be "clearly visible," meaning that the location where the plate is attached—and after attachment the plate itself[5]—can be viewed without obstruction.[6] MCL 257.225(2) accordingly and simply requires that the registration plate be attached where it can be seen without obstruction.[7]

striking the comma after "information" in the third sentence. Neither change affects our interpretation of the statute.

[4] The first sentence of MCL 257.225(2) is not implicated in this case because there is no evidence that the truck's registration plate was not "securely fastened in a horizontal position." Because we ultimately conclude that defendant violated the subsection's second sentence, we need not decide whether he also violated its third sentence. Nonetheless, even if we assume that there was no such violation, it would not affect our determination that the second sentence was violated and therefore that the officers had probable cause to stop defendant's vehicle.

[5] Defendant argues that MCL 257.225(2) requires the clear visibility of the registration plate's *place and position* (i.e., its location) rather than expressly requiring the clear visibility of the *plate*. Nonetheless, because the plate is a thin sheet of metal, we see no effective distinction between the plate's location and the plate itself or between the visibility of the plate's location and the visibility of the plate itself.

[6] We note that this interpretation accords with the definitions in *Merriam-Webster's Collegiate Dictionary* (11th ed) (stating that "clearly" means "in a clear manner," which, incorporating the definition of "clear," means in a manner "free from obstruction," and that "visible" means "capable of being seen").

[7] We interpret MCL 257.225(2) using the language of the statute. We note, however, that our interpretation accords with a reasonable view of the Legislature's police power: requiring registration plates to be unobstructed certainly advances public safety by permitting witnesses to a hit-and-run motor-vehicle accident or police officers engaged in the investigation of criminal flight to observe the registration information of a fleeing vehicle or by enabling officers effecting a traffic stop to determine whether a driver has a violent criminal history posing some threat.

Defendant argues that a clear-visibility requirement would be "absurd" if it imposed liability for an obstructing object (e.g., a building or pedestrian) or condition (e.g., snow or fog) outside a driver's control. We note, however, that the instant violation was based not on an object or condition outside defendant's control but on an object fully within his control—namely, a towing ball attached to his rear bumper. But in any event, defendant's concern is misplaced; nothing in MCL 257.225(2) evinces the Legislature's intention to impose liability on a person on the basis of conduct or circumstances outside his or her control. Instead, the statute requires a registration plate to "be attached . . . in a place and position which is clearly visible." MCL 257.225(2). These words evince no intention to require any person to do anything other than configure his or her vehicle's registration plate and surrounding attachments in a manner that ensures the unobstructed visibility of the plate.[8]

The Court of Appeals panel, in concluding that defendant did not violate MCL 257.225(2), examined the wrong part of the subsection. Rather than analyzing whether defendant violated the clear-visibility requirement of the subsection's *second* sentence, the lead opinion and the concurring opinion analyzed only whether he violated the subsection's *third* sentence, which requires that a registration plate "be maintained free from foreign materials that obscure or partially obscure the registration information, and in a clearly legible condition." MCL 257.225(2). Focusing on

---

[8] We do not decide today whether MCL 257.225(2) is violated when a trailer hitch is, in fact, being used to tow a trailer and the *combination* of the hitch and the trailer obstructs the registration plate. We note that trailers are permitted under the statutory scheme, see MCL 257.721, and that trailers generally must have their own registration plates, see MCL 257.73; MCL 257.216; MCL 257.225.

whether the plate was "legible," the lead opinion concluded that there was "no evidence that defendant's plate was dirty, rusted, defaced, scratched, snow-covered, or otherwise not 'maintained' in legible condition." *Dunbar*, 306 Mich App at 566 (opinion by SHAPIRO, J.). The concurring opinion apparently agreed with this conclusion. See *id.* at 567 (opinion by O'CONNELL, J.). A majority of the panel therefore concluded that defendant had not violated the statute.

But even if the panel correctly concluded that the plate was "clearly legible" under the third sentence of MCL 257.225(2), it failed altogether to consider whether the plate was "clearly visible" under that subsection's second sentence. These two sentences impose separate and distinct duties: the second sentence, by requiring that the plate be "clearly visible," requires that the plate be attached where it will not be obstructed, and the third sentence requires that the plate itself "be maintained free from foreign materials that obscure or partially obscure the registration information, and in a clearly legible condition." Quite clearly, the third sentence concerns an ongoing duty to *maintain* the plate so that it can be *read*, that is, to ensure that no foreign materials adhere to the plate and thus obscure the plate and registration information. Because one can comply with the third sentence by maintaining a legible plate yet still violate the second sentence by failing to attach the plate, legible though it may be, "in a place and position which is clearly visible," the panel's analysis was incomplete for not having considered whether defendant violated the second sentence.

Having concluded that MCL 257.225(2) requires that a vehicle's registration plate be attached where it can be seen without obstruction, we apply that under-

standing of the statute to the instant case to determine whether defendant violated the statute. The trial court found, on the basis of the testimony of the officers and pictures taken during the traffic stop, that the officers' view of the truck's plate was obstructed by the attached towing ball. Indeed, that finding is not challenged. Because MCL 257.225(2) prohibits an obstruction of a vehicle's registration plate, defendant violated the statute. The officers' stop of defendant thus was lawful, and the trial court properly denied defendant's motion to suppress.[9]

### IV. OBSERVATIONS

As this case demonstrates, a towing ball, when attached to a vehicle in a way that obstructs a view of the vehicle's registration plate, may subject a driver to a police stop, including the possibility of a citation and, if circumstances warrant, a search, seizure, or both. We are cognizant that Michiganders' vehicles commonly have items such as trailer hitches and bicycle racks attached to them, and we accordingly recognize that under MCL 257.225(2) common conduct may lead to what some might consider harsh consequences.

But the potentially broad reach of a statute by itself does not invest a judicial body with the authority either to revise that statute or to interpret it in a manner inconsistent with its language. We do not sit as

---

[9] The prosecutor argues in the alternative that even if the officers misinterpreted MCL 257.225(2), their stop of defendant (and their ensuing discovery of contraband) was nonetheless lawful because, under *Heien v North Carolina*, 574 US ___; 135 S Ct 530, 536; 190 L Ed 2d 475 (2014), a police officer's reasonable suspicion supporting a traffic stop may rest on a "reasonable mistake of law." Because we conclude that defendant violated MCL 257.225(2), we necessarily also conclude that the officers did not make a mistake of law, reasonable or otherwise, and therefore *Heien* is not pertinent.

the "legislators in chief" of this state in order to correct statutes that may be viewed by some (or even by many) as "cumbersome," "impractical," or "inadequately precise." See *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 163-164; 680 NW2d 840 (2004). Rather, the language of MCL 257.225(2) "compels a particular result," *id.* at 164, and those desiring to alter this result must seek to do so "through those bodies authorized by our Constitution to undertake such decisions—typically the legislative branch," *AFT Mich v Michigan*, 497 Mich 197, 215; 866 NW2d 782 (2015).

We further note that MCL 257.225(2) is not rendered "ambiguous" or "vague" merely because "the statute casts a net so wide that it could be construed to make ordinary car equipment illegal." *Dunbar*, 306 Mich App at 566 (opinion by O'CONNELL, J.). One may observe, for example, from common experience that many drivers on Michigan roads exceed speed limits, but we would not conclude from that observation alone that speed-limit laws are unenforceable, let alone "ambiguous" or "vague." If the Legislature possesses the constitutional authority to enact a statute regulating the placement of registration plates, then it may do so regardless of the number of persons affected by the statute's enforcement.[10] Accordingly, when the people wish to argue "that a statute is unwise or results in bad policy," those arguments "should be addressed to the Legislature." *Oakland Co Bd of Co Rd Comm'rs v Mich Prop & Cas Guaranty Ass'n*, 456 Mich 590, 613; 575 NW2d 751 (1998) (quotation marks and citation omitted). This Court is simply not authorized to alter the

---

[10] See, e.g., *Mich Coalition of State Employee Unions v Michigan*, 498 Mich 312, 331-332; 870 NW2d 275 (2015) ("[T]he legislative authority of the state 'can do anything which it is not prohibited from doing by the people through the Constitution of the State or the [Constitution of the] United States.' ") (citation omitted).

meaning of MCL 257.225(2) on the ground that it might potentially encompass common conduct, and we accordingly decline to do so.

### V. CONCLUSION

We conclude that the second sentence of MCL 257.225(2) requires a vehicle's registration plate and surrounding attachments to be configured in such a manner that the plate is not partially or fully obstructed. The statute therefore prohibits a registration plate from being obstructed by an object attached to a vehicle. We further conclude that defendant violated MCL 257.225(2) because the towing ball attached to his truck partially obstructed the truck's registration plate from the view of police officers following him. The officers thus lawfully stopped defendant and, after smelling burnt marijuana from within the vehicle, lawfully discovered contraband. In lieu of granting leave to appeal, we reverse the Court of Appeals' judgment, reinstate the trial court's denial of defendant's motion to suppress the contraband, and remand this case to the trial court for further proceedings.

YOUNG, C.J., and ZAHRA, MCCORMACK, VIVIANO, BERNSTEIN, and LARSEN, JJ., concurred with MARKMAN, J.