# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BEVERLY ANN KOCEVAR,

        Defendant-Appellant.

UNPUBLISHED
March 16, 2017

No. 329150
Manistee Circuit Court
LC No. 15-004470-FH

---

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

O'CONNELL, J. (*dissenting*).

An officer saw defendant, Beverly Ann Kocevar, cross the solid white fog line with her vehicle's tire while driving. During the subsequent stop, the officer discovered methadone in Kocevar's vehicle. I would affirm because I disagree with the majority's decision to go beyond the question presented in this case. The single issue presented on appeal is whether driving on or crossing a fog line violates MCL 257.642(1)(a). Because I conclude that it does, I would affirm.

The goal of statutory interpretation is to determine the Legislature's intent from the plain meaning of the statute's language. *People v Dunbar*, 499 Mich 60, 67; 879 NW2d 229 (2016). To do so, we "must give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Id.* (quotation marks and citation omitted).

MCL 257.642(1)(a) provides that a motorist shall drive his or her vehicle as nearly as practicable within his or her lane:

> When a roadway has been divided into 2 or more clearly marked lanes for traffic, . . . [a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the operator has first ascertained that the movement can be made with safety.

A "laned roadway" is "a roadway which is divided into 2 or more clearly marked lanes for vehicular traffic." MCL 257.24. The statute does not define the phrase "as nearly as practical," and so I will consult a dictionary to determine the meaning of this term. See *People v Jamison*, 292 Mich App 440, 447; 807 NW2d 427 (2011). The word "practicable" is defined as "capable of being put into practice or of being done or accomplished: FEASIBLE." *Merriam Webster's*

-1-

*Collegiate Dictionary* (11th ed). Accordingly, MCL 257.642(1)(a) requires a person to drive his or her *entire* vehicle as close as feasibly possible within a single lane.

When the roadway is divided into clearly marked lanes and a solid white fog line provides the boundary of one of those lines, to drive on or over the fog line is to not drive *entirely* within a single lane. To conclude otherwise would impermissibly eliminate the word "entirely" from MCL 257.642(a)(1).[1] In this case, there was no indication that would have made it impractical for Kocevar to drive entirely within her lane. I thus conclude that the officer had proper cause to initiate the traffic stop.[2]

The majority addresses whether Kocevar's stop was unduly prolonged. Generally, an appellate court does not address issues that were not raised below or on appeal. *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004). See *People v Carines*, 460 Mich 750, 756; 597 NW2d 130 (1999) (declining to address the propriety of a decision the parties did not raise on appeal). The majority not only raises this issue, which Kocevar did not raise in her brief on appeal, but it decides the newly raised issue in her favor. I would decline to do so.

I would affirm.

/s/ Peter D. O'Connell

---

[1] This conclusion is consistent with this Court's opinion in *People v Davis*, 250 Mich App 357; 649 NW2d 94 (2002). In *Davis*, a patrol officer stopped the defendant because the defendant's view was obstructed and the defendant's vehicle was "weaving in its lane and speeding." *Id*. at 359-360. The Court concluded the officer properly initiated a traffic stop because the officer had probable cause to believe that the "defendant was in violation of three traffic laws," including MCL 257.642(1)(a). *Id*. at 363.

[2] Additionally, the officer's belief that stopping Kocevar was appropriate under the circumstances was not so objectively unreasonable that it would require use of the exclusionary rule to suppress the subsequently recovered evidence. See *People v Frazier*, 478 Mich 231, 250-251; 733 NW2d 713.