# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

MICHAEL LEE SIMMONS,

        Defendant-Appellee.

FOR PUBLICATION
July 19, 2016
9:00 a.m.

No. 331116
Genesee Circuit Court
LC No. 15-036644-FH

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the trial court's opinion and order granting defendant's motion to suppress evidence. We reverse and remand for further proceedings consistent with this opinion.

This case arises from a traffic stop of the vehicle defendant was driving during the evening hours of December 14, 2014. Officer Robert Cavett, a Flint Township police officer, pulled over the vehicle because it did not have a metal registration plate attached at the rear. When Officer Cavett pulled over the car, he saw that there was a piece of paper on the left side of the rear window, but he could not read the piece of paper. Officer Cavett looked at the paper again from approximately 3 or 4 feet away as he approached the driver's side of the vehicle, but he could not see any of the letters or numbers. The writing was very dim, which made the paper illegible. Officer Cavett did not stop to read the paper. He explained that he did not do so for safety reasons, as there was a potential that the occupants of the car could harm him, get out of the car, or flee the scene. However, he admitted that he did not have a reason to fear his safety at that time and that it would have taken approximately five seconds to verify the temporary license plate.

He approached the vehicle, and asked defendant, who was driving the car, for his identification, registration, and proof of insurance. Defendant provided a state identification card, but not a driver's license. He also did not provide the registration. Officer Cavett

---

[1] *People v Simmons*, unpublished order of the Court of Appeals, entered February 18, 2016 (Docket No. 331116).

performed a computer search with regard to defendant and learned that defendant's driver's license was suspended. Defendant was arrested for driving with a suspended license, and he was placed in Officer Cavett's patrol car. Officer Cavett subsequently searched the vehicle with the permission of the owner, who was a passenger in the car, and found a firearm or firearms. He later determined that the paper was a valid temporary license plate. From that traffic stop, defendant was charged with carrying a concealed weapon, MCL 750.227, possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, possession of ammunition by a person convicted of a felony, MCL 750.224f(6), receiving and concealing a stolen firearm, MCL 750.535b, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and operating a motor vehicle with a suspended license, MCL 257.904(3)(a).

Defendant filed a motion to suppress physical evidence, asserting he was subjected to an unlawful search and seizure in violation of the United States and Michigan Constitutions. He argued that the officer lacked a lawful basis for his traffic stop and that the court should suppress all evidence seized from his vehicle. The court heard defendant's motion to suppress evidence, and Officer Cavett testified regarding the traffic stop. The trial court entered an opinion and order granting defendant's motion to suppress evidence, finding that Officer Cavett should have taken five seconds to verify the validity of the temporary paper plate in the rear window.

The prosecution argues that the court erred by granting defendant's motion to suppress because Officer Cavett's search and seizure of the vehicle defendant was driving was reasonable and lawful. We agree.

"This Court's review of a lower court's factual findings in a suppression hearing is limited to clear error, and those findings will be affirmed unless we are left with a definite and firm conviction that a mistake was made." *People v Davis*, 250 Mich App 357, 362; 649 NW2d 94 (2002). The trial court's ultimate ruling on a motion to suppress is reviewed de novo. *People v Williams*, 472 Mich 308, 313; 696 NW2d 636 (2005).

Both the United States and Michigan Constitutions protect against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, §11. "[T]he reasonableness of a search or seizure depends on 'whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.' " *Williams*, 472 Mich at 314, quoting *Terry v Ohio*, 392 US 1, 20; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

Under the Fourth Amendment, stopping a vehicle and detaining the occupants amounts to a seizure. *People v Williams*, 236 Mich App 610, 612 n 1; 601 NW2d 138 (1999). A traffic stop is justified if the officer has "an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law." *Id*. at 612. This includes a violation of a traffic law. See *Davis*, 250 Mich App at 363 ("Because Officer Hopkins had probable cause to believe defendant was in violation of three traffic laws, the stop was permissible."). For a traffic stop to be reasonably related in scope to the circumstances justifying the stop, the driver should be "detained only for the purpose of allowing an officer to ask reasonable questions concerning the violation of law and its context for a reasonable period." *Williams*, 472 Mich at 315. "The

determination whether a traffic stop is reasonable must necessarily take into account the evolving circumstances with which the officer is faced." *Id*.

Here, Officer Cavett's stop was based on a reasonable suspicion that traffic laws were being violated. Under the Michigan Vehicle Code, a vehicle registration plate should be attached to the rear of the vehicle. MCL 257.225(1). The plate must be in a clearly visible position, "in a clearly legible condition," and "shall be maintained free from foreign materials that obscure or partially obscure the registration information." MCL 257.225(2). A violation of MCL 257.225 amounts to a civil infraction. MCL 257.225(7). At the motion hearing, Officer Cavett testified that he could not see a plate before pulling over the vehicle. He could not read the paper in the window when he approached the vehicle from 3 or 4 feet away, and its writing was very "dim." Thus, he was justified in pulling over the vehicle for a violation of MCL 257.225(2) as the plate was not in a clearly visible position or in a clearly legible condition. See *People v Dunbar*, 499 Mich 60, 70; 879 NW2d 229 (2016) (noting that there is a duty to maintain the license plate so that it can be read).

Defendant asserts that the search and seizure became unreasonable when Officer Cavett asked defendant for his license, registration, and insurance, rather than taking five seconds to examine the paper plate affixed to the rear window of the vehicle and determine its validity. Despite defendant's argument to the contrary, Officer Cavett's actions were reasonably related in scope to the circumstances of the stop. Even had Officer Cavett taken the time to examine the paper plate more closely to determine whether it appeared to be a valid temporary registration plate, the plate would still have been in violation of MCL 257.225(2). Officer Cavett could not read the plate from his car, nor could he make out the plate from 3 or 4 feet away in the dark. Thus, the temporary paper license plate was not in a clearly visible position or in a clearly legible condition. Officer Cavett's questions regarding defendant's license and registration were reasonable questions concerning the violation of the law. When defendant handed Officer Cavett a Michigan identification card rather than a driver's license and failed to provide registration, Officer Cavett had a justification for running a computer check. Furthermore, a computer check is a routine and generally accepted practice by the police during a traffic stop. See *Davis*, 250 Mich App at 366 (explaining that "a review of Michigan cases demonstrates a recognition that the running of [Law Enforcement Information Network (LEIN)] checks of vehicle drivers is a routine and accepted practice by the police in this state"). Therefore, Officer Cavett was permitted to ask questions related to defendant's identity and the vehicle registration. Accordingly, Officer Cavett had an articulable and reasonable suspicion that there was a violation of the law, and defendant was detained for a reasonable period in order to permit Officer Cavett to ask reasonable questions concerning the violation of the law and its context. See *Williams*, 472 Mich at 315; *Williams*, 236 Mich App at 612.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Mark T. Boonstra