*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEVIN LYNN MCDONALD,

        Defendant-Appellant.

UNPUBLISHED
January 29, 2019

No. 340327
Wayne Circuit Court
LC No. 16-004612-01-FH

Before: MURRAY, C.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of carrying a concealed weapon, MCL 750.227. He appeals, challenging the trial court's denial of his motion to suppress evidence. For the reasons stated below, we affirm.

This case arises from a traffic stop effectuated by Michigan State Police Trooper Timothy Madison. Madison was on routine patrol on Grand River Avenue. Grand River Avenue has multiple lanes in the same direction for traffic. Madison testified at the suppression hearing that he was travelling northbound on Grand River Avenue when he saw defendant travelling southbound in the left lane approximately a quarter to a half mile ahead. Madison further testified that he observed that the right lane was available for defendant to use. After passing defendant, Madison watched defendant continue to drive in the left lane. Madison then made a U-turn and drove behind defendant in the left lane, although he did not remember if defendant had his turn signal activated. Madison further testified that when he pulled defendant over, he did not believe that there was any traffic and that there were only a few cars on the road.

Madison approached defendant's vehicle and asked if defendant had any drugs or weapons in the vehicle. Defendant answered that he had a gun in the trunk, but when pressed further, he admitted the gun was under a child's car seat in the back seat. Madison asked if defendant had a concealed pistol license and defendant admitted he did not. Madison detained defendant in handcuffs outside the car and then searched defendant's vehicle. The pistol was found in the back seat, and a fully loaded magazine was found in the glove compartment.

Defendant filed a motion to suppress and argued that the evidence of the pistol should be suppressed as fruit of the poisonous tree because the traffic stop was illegal. At the evidentiary hearing on the motion to suppress, defendant testified that he drove southbound on Grand River Avenue in the right lane until he reached Ohio Street. At that point, according to his testimony, he moved into the left lane to avoid a dip in the road and when he stopped at the next traffic light two cars pulled next to him in the right lane. Defendant testified that he wanted to turn right at the upcoming intersection, so after the light turned green he activated his right turn signal and let the two cars in the right lane pull ahead of him. According to defendant, it was at this moment that Trooper Madison turned right onto Grand River Avenue, and approximately three seconds later he made a U-turn to pull over defendant. Madison testified as stated above.

The trial court found that Madison had probable cause to stop defendant for driving in the left lane when the right lane was available, in violation of MCL 257.634(2). The trial court noted that there appeared to be a question of fact regarding the amount of traffic on the road at the time of the stop. However, the court determined that it was undisputed that defendant was driving in the left-hand lane for an extended period of time and therefore Madison had probable cause to believe that defendant was violating MCL 257.634(2). Accordingly, the trial court denied defendant's motion to suppress.

Defendant argues that the traffic stop was not supported by reasonable suspicion, and therefore, the evidence of the pistol should be suppressed. We disagree.

We review a trial court's factual findings in suppression hearing for clear error, which occurs when the Court is "left with a definite and firm conviction that a mistake was made." *People v Lewis*, 251 Mich App 58, 67; 649 NW2d 792 (2002). But "the lower court's ultimate ruling with regard to the motion to suppress is reviewed de novo because the application of constitutional standards regarding searches and seizures to undisputed facts is entitled to less deference." *Id*. at 67-68.

The stop of defendant's vehicle implicated his right to be free from unreasonable searches and seizures, which is guaranteed by both the United States and Michigan Constitutions. US Const, Am IV; Const 1963, art 1, § 11; *People v Barbarich*, 291 Mich App 468, 472; 807 NW2d 56 (2011). "A traffic stop is justified if the officer has an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law. This includes a violation of traffic law." *People v Simmons*, 316 Mich App 322, 326; 894 NW2d 86 (2016) (quotation marks and citations omitted). "[W]hether there was reasonable suspicion to justify a stop must be made on a case-by-case basis, evaluated under the totality of the circumstances, and based on common sense." *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012).

Section 634 of the Michigan Vehicle Code, MCL 257.1 *et seq*., provides in relevant part:

(2) Upon a roadway having 2 or more lanes for travel in 1 direction, the driver of a vehicle shall drive the vehicle in the extreme right-hand lane available for travel except as otherwise provided in this section. However, the driver of a vehicle may drive the vehicle in any lane lawfully available to traffic moving in the same direction of travel when the lanes are occupied by vehicles moving in

substantially continuous lanes of traffic and in any left-hand lane lawfully available to traffic moving in the same direction of travel for a reasonable distance before making a left turn. [MCL 257.634(2).]

Defendant argues that Trooper Madison's testimony was insufficient to support the trial court's conclusion that there was reasonable suspicion to initiate the traffic stop. Defendant contends that his testimony that there were two vehicles in the right lane ahead of him contradicts Madison's testimony that there was no traffic preventing defendant from merging into the right lane. The trial court did not expressly find Madison's testimony more credible than defendant's. Instead, the court rested its ruling on the undisputed fact that defendant traveled in the left-hand lane for an extended period of time, the implication being that at some point defendant would have likely had an opportunity to move to the right-hand lane. More to the point, defendant's continuous presence in the left-hand lane gave Madison reasonable suspicion to believe that defendant was able to move to the right-hand lane yet chose not to.

Whether defendant actually violated MCL 257.634(2) is not controlling. See *People v Fisher*, 463 Mich 881, 882 (2000) (CORRIGAN, J., concurring) ("The dispositive question . . . is not whether an actual violation occurred, but whether the officer had a reasonable suspicion that a violation may have occurred."). Thus, the trial court did not need to resolve defendant's and Madison's conflicting testimony as to whether defendant could have moved to the right-hand lane. Given defendant's prolonged travel in the left-hand lane, Madison had an articulable and reasonable suspicion that defendant was violating the law. Indeed, Madison was able to make a U-turn on Grand River Avenue and then pull defendant over to the right side of the road. Given those circumstances, the trial court did not err in denying defendant's motion to suppress.

Affirmed.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro