*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALFREDO COLIN CONTRERAS, also known as
ALFREDO CONTRERAS COLIN,

        Defendant-Appellant.

UNPUBLISHED
January 29, 2019

No. 340770
Oakland Circuit Court
LC No. 2017-159801-AR

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the circuit court's October 4, 2017 order reversing the district court's two orders granting defendant's motion to dismiss the charges of operating a motor vehicle while intoxicated (OWI), MCL 257.625(1)(a), and violating basic speed laws, MCL 257.627(1). We affirm.

Defendant argues that Michigan State Police Department (MSP) Trooper Matthew Walker lacked reasonable suspicion when he stopped defendant's vehicle for driving too slow on I-75 where the maximum speed limit is 70 mph and the minimum speed limited is 55 mph. Defendant argues he was justified driving slower than the 55 mph posted speed limit because the slower speed was necessary for the safe operation of his motor vehicle; therefore, Walker did not have reasonable suspicion to make the stop. We disagree.

"Questions of law relevant to a motion to suppress evidence are reviewed de novo." *People v Booker*, 314 Mich App 416, 419; 886 NW2d 759 (2016). "We review for clear error findings of fact necessary to the court's decision." *People v Antwine*, 293 Mich App 192, 194; 809 NW2d 439 (2011) (citation omitted). "A finding of fact is clearly erroneous if, after a

---

[1] *People v Alfredo*, unpublished order of the Court of Appeals, entered March 22, 2018 (Docket No. 340770).

review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *Id*. (citation and quotation marks omitted). Further, "[w]e review a trial court's decision on a motion to dismiss charges against a defendant for an abuse of discretion." *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). A trial court abuses its discretion only when its decision falls outside the range of principled outcomes. *Id*.

The United States and Michigan Constitutions protect individuals from unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11; *People v Henry (After Remand)*, 305 Mich App 127, 137; 854 NW2d 114 (2014). "Under the Fourth Amendment, stopping a vehicle and detaining the occupants amounts to a seizure." *People v Simmons*, 316 Mich App 322, 326; 894 NW2d 86 (2016). "[T]he reasonableness of a search or seizure depends on whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *People v Williams*, 472 Mich 308, 314; 696 NW2d 636 (2005) (quotation marks and citation omitted).

"If a police officer has a reasonable, articulable suspicion that criminal activity is afoot, the officer may briefly detain a suspect for the purpose of performing an investigatory stop." *People v Maggit*, 319 Mich App 675, 692; 903 NW2d 868 (2017). "This includes a violation of a traffic law." *Simmons*, 316 Mich App at 326, citing *People v Davis*, 250 Mich App 357, 363; 649 NW2d 94 (2002). "The determination whether a traffic stop is reasonable must necessarily take into account the evolving circumstances with which the officer is faced." *Simmons*, 316 Mich App at 326 (quotation marks and citation omitted).

Further, "[t]he Fourth Amendment tolerates only *reasonable* mistakes, and those mistakes—whether of fact or of law—must be *objectively* reasonable." *Heien v North Carolina*, ___ US ___, ___; 135 S Ct 530, 539; 190 L Ed 2d 475 (2014). In that case, the defendant was stopped because he had only one functional brake light. *Id*. at ___; 135 S Ct at 534. Although this was legal under North Carolina law, the United States Supreme Court upheld the officer's stop of the defendant's vehicle for having one functional brake light because, although he was mistaken, it was objectionably reasonable for the officer to believe that North Carolina law required two functional brake lights. *Id*. at ___; 135 S Ct at 536-537, 539-540. The Court determined that an officer who stops a defendant based on a mistake of law does not violate the Fourth Amendment if the mistake is reasonable. *Id*. at ___; 135 S Ct at 540. However, if a defendant's conduct amounts to a violation of the law, then this Court must "necessarily also conclude that the officers did not make a mistake of law, reasonable or otherwise, and therefore *Heien*" would not apply. See *People v Dunbar*, 499 Mich 60, 71 n 9; 879 NW2d 229 (2016).

At the time of the stop on November 23, 2016, former MCL 257.628(8)[2] provided, in

---

[2] MCL 257.628(8) was amended by 2016 PA 447, and the language permitting motorists to travel less than 55 miles per hour when "necessary for the safe operation" of their motor vehicles was removed. This amendment became effective on January 5, 2017. Thus, former MCL 257.628(8) was the applicable law at the time of Trooper Walker's stop of defendant.

relevant part,

> The minimum speed limit on all freeways is 55 miles per hour *except if reduced speed is necessary for safe operation* or in compliance with law or in compliance with a special permit issued by an appropriate authority. [Emphasis added.]

Further, MCL 257.627(1), which was also amended after the date of incident, but has not been changed in substance with respect to the issue on appeal, provides, in relevant part:

> A person operating a vehicle on a highway shall operate that vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other condition existing at the time.

In this case, Walker was only required to have a reasonable suspicion that defendant may have committed a traffic violation. See *Simmons*, 316 Mich App at 326. The circuit court found that defendant was driving 51 miles per hour and that fact was not in dispute. With that said, the circuit court did not err in concluding that defendant's speeding violation alone justified Walker's stop. *Id*.

Defendant argues that Walker's testimony established that the conditions of I-75 required defendant to travel below the 55 mile per hour speed limit pursuant to former MCL 257.628(8). Specifically, defendant argues that Walker's testimony established that defendant was traveling in "possibly below freezing" temperatures, with the possibility of black ice on the roadway, in a poorly-lit, wooded area, frequented by deer. However, Walker's testimony does not indicate that any of these "factors" that defendant alleges actually existed when defendant was stopped. Rather, Walker testified that he was unsure what the temperature was when he pulled defendant over and that it *could* have been cold because the incident occurred in November. Walker also testified that he could not recall whether the area was poorly-lit. Therefore, defendant's reliance on any of these "factors" justifying his speeding violation is misplaced, as they are not established within the record, but merely reflect defendant's own arguments.

At most, Walker's testimony establishes that defendant was traveling 51 miles per hour on I-75 on a cold November morning. Nevertheless, even if the road conditions and the surrounding area justified defendant's reduced speed, Walker was only required to have reasonable suspicion that defendant may have committed a traffic violation. See *Simmons*, 316 Mich App at 326; see also *Maggit*, 319 Mich App at 692. Because Walker stopped defendant for traveling 51 miles per hour, which was slower than the minimum speed limit of 55 miles per hour, Walker had reason to believe that defendant had committed a traffic violation, thereby justifying his stop of defendant's vehicle. *Id*. Because the stop was valid, the circuit court did not err in finding the same.

The prosecution argues that, even if Walker was mistaken in his belief that as to whether defendant was violating the 55 mile per hour speed limit because of the exception in former MCL 257.628(8), the stop was nonetheless valid based on the United States Supreme Court's decision in *Heien*, ___ US at ___; 135 S Ct at 530, which held that an officers' objectively

reasonable mistakes of law and fact do not violate a defendant's Fourth Amendment rights. We agree that any mistake of law or fact in this case would have been reasonable under *Heien*.

Walker knew that the relevant statute at the time of the offense permitted motorists to travel at reduced speeds when necessary for safe operation of their motor vehicles. Thus, in that regard, no mistake of law occurred so as to trigger the rule from *Heien*. See *Dunbar*, 499 Mich at 71 n 9 (concluding that *Heien* was inapplicable because the defendant violated the relevant statute, and therefore, the officers did not make a mistake of law, reasonable or otherwise). And even if Walker was mistaken that the road conditions, as alleged by defendant, necessitated a reduced speed under MCL 257.628(8), any mistake as to the applicability of the statute was reasonable. Defense counsel claimed there was a risk that the roads were icy due to the temperature, but there was no evidence presented that precipitation or other conditions that would have made it apparent that traveling at a slower speed was necessary under MCL 257.628(8). Defendant was not driving in a winter blizzard or in other extreme road conditions that would clearly merit a reduced speed. Thus, in accordance with *Heien*, any mistake of law was reasonable.

Similarly, any mistake of fact as to the driving conditions on the night of the stop was reasonable. Defendant claimed the potential for ice on the roads permitted him to travel below the posted minimum speed limit. As stated previously, there was no evidence of precipitation or other hazardous conditions that warranted a reduced speed. Instead, defense counsel simply asserted at the hearing, without supporting evidence, that a reduced speed was necessary due to the cold temperatures and possibility of ice. Walker testified that he could not remember whether any conditions existed at the time of the traffic stop that would have warranted traveling at a reduced speed, and thus, it was reasonable that Walker would not have recognized the possibility of ice on the road. The circuit court did not err when it reinstated the charges.

Defendant also argues that the circuit court erred in reversing the district court's orders because the district court was permitted to infer that the video footage from Walker's in-car camera was exculpatory evidence. We disagree.

"Failure to preserve evidentiary material that may have exonerated the defendant will not constitute a denial of due process unless bad faith on the part of the police is shown." *People v Hanks*, 276 Mich App 91, 95; 740 NW2d 530 (2007) (quotation marks and citations omitted). The burden to show that the evidence was exculpatory is on the defendant. *Id.* (citation omitted). "Michigan courts have long recognized that when material evidence in control of a party is not produced at trial, the opposing party is entitled to an adverse inference instruction." *People v Cress*, 250 Mich App 110, 157 n 27; 645 NW2d 669 (2002), vacated in part on other grounds 466 Mich 883 (2002), rev'd on other grounds 468 Mich 678 (2003). This inference takes the form of a jury instruction, in which "the trial court shall instruct the jury that if it determines that the prosecutor acted in bad faith it may infer that the destroyed, potentially exculpatory evidence would have been favorable to defendant." *Id.* at 157.

In this case, defendant failed to establish that Walker or the prosecution acted in bad faith for failing to produce the video footage of the traffic stop. Walker's testimony establishes that, after the traffic stop, he provided the memory card to his supervisor and that no one has been able to locate it since that time. Both Walker and the prosecution made numerous attempts to

locate the missing video, but to no avail. Indeed, even defense counsel admitted during his cross-examination of Walker that "it sounds like you've done your due diligence to try to track [the] video down and you've asked multiple people that do have access to it." Defendant has failed to establish that the video footage of the traffic stop was actually exculpatory evidence, as the effect of the video footage was merely speculative, nor did defendant demonstrate that the prosecution, Walker, or the MSP acted in bad faith. *Hanks*, 276 Mich App at 95. Thus, the circuit court did not abuse its discretion in reversing the district court's dismissal of defendant's charges. *Nicholson*, 297 Mich App at 196.

Affirmed.


/s/ Thomas C. Cameron
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause