*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
May 23, 2024

v

RODNEY SCOT ARMSTRONG, SR.,

Defendant-Appellant.

No. 363740
Kent Circuit Court
LC No. 21-003904-FH

Before: GADOLA, C.J., and K. F. KELLY and MARIANI, JJ.

PER CURIAM.

Defendant, Rodney Scot Armstrong, Sr., was convicted after a jury trial of operating a motor vehicle while intoxicated, MCL 257.625(1). He thereafter pleaded guilty to the charge of being a third offense habitual offender, MCL 769.11. He was sentenced to 2 to 10 years in prison. Defendant appeals as of right, challenging his conviction and his sentence. We affirm.

## I. FACTS

Defendant's conviction arose from events on February 5, 2021. At approximately 10:15 p.m., Grand Rapids police officers Kyler Rubley and James Smith saw a GMC Terrain traveling south on Eastern Avenue in the City of Grand Rapids without its headlights or taillights illuminated. The officers turned their vehicle around and located the Terrain on Delaware Street where they observed that the Terrain's headlights and taillights were now on. The officers activated their police vehicle's warning lights as they followed the Terrain into a driveway and stopped the police vehicle behind the Terrain. The Terrain had parked next to a house, which the officers later confirmed was defendant's residence.

Defendant emerged from the driver's seat of the Terrain and walked around the vehicle toward the house. The officers ordered defendant to stop and to get back into the Terrain; defendant did not comply and instead attempted to enter the house. The officers approached defendant; they later testified that defendant's eyes were bloodshot and glassy and that they could smell the odor of alcohol emanating from defendant. When Officer Smith grabbed defendant's arm, defendant fell toward the officer and slid to the ground. The officers moved defendant away

-1-

from the house, handcuffed him, helped him to his feet, and placed him in the back of the police vehicle.

The officers then searched the Terrain and found an open and partially consumed 12 ounce bottle of beer in the front cup holder of the center console of the car. The officers returned to the police vehicle and defendant agreed to allow the officers to conduct the horizontal gaze nystagmus field sobriety test, which defendant was unable to perform correctly. The officers transported defendant to the police station where defendant underwent a blood test, the results of which demonstrated that his blood alcohol content was 0.168 grams of alcohol per 100 milliliters of blood.

Defendant was charged with operating a motor vehicle while intoxicated, MCL 257.625(1). Before trial, defendant moved to dismiss the charge, arguing that the officers' testimony that the Terrain's headlights were not on initially was not credible. The trial court denied the motion. Defendant was convicted as charged and sentenced to 2 to 10 years in prison. Defendant now appeals.

## II. DISCUSSION

### A. INEFFECTIVE ASSISTANCE

Defendant contends that defense counsel at trial was ineffective because he failed to challenge the scope of the police officers' detention of defendant and the evidence obtained by the officers during that detention as violative of defendant's Fourth Amendment rights. Because defendant does not identify any impropriety in the officers' stop of defendant or the subsequent search, the challenges defendant contends defense counsel should have made are meritless.

We note initially that defendant's challenge that defense counsel at trial was ineffective is not preserved because defendant did not move for a new trial or for a *Ginther*[1] hearing. See *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018). This Court's review is therefore limited to errors apparent on the record. *Id*. at 539. A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law; we review for clear error the trial court's findings of fact, and review questions of law de novo. *People v Yeager*, 511 Mich 478, 487; 999 NW2d 490 (2023).

A criminal defendant is guaranteed the effective assistance of counsel by the United States and Michigan Constitutions. *Id*. at 488. To establish that counsel was ineffective, a defendant must demonstrate that his or her attorney's performance fell below an objective standard of reasonableness resulting in prejudice to the defendant, meaning that there is a reasonable probability that but for counsel's deficient performance the result of the proceedings would have been different. *Id*. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id*. Attorneys are given broad latitude to determine trial strategy, and there is a strong presumption that counsel's performance arose from a sound trial strategy. *Id*. Nonetheless, counsel's strategic decisions must be objectively reasonable. *Id*. Counsel is not ineffective,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

however, for failing to raise a challenge that would have been meritless or futile. See *Head*, 323 Mich App at 539.

The United States Constitution and the Michigan Constitution also guarantee the right of persons to be free from unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11; *People v Pagano*, 507 Mich 26, 31-32; 967 NW2d 590 (2021). A search occurs when "the government intrudes on an individual's reasonable, or justifiable, expectation of privacy." *People v Woodard*, 321 Mich App 377, 383; 909 NW2d 299 (2017) (quotation marks and citations omitted).

To be lawful, a search must be reasonable. See *People v Mahdi*, 317 Mich App 446, 457; 894 NW2d 732 (2016). The reasonableness of a search is fact specific and is determined by examining the totality of the circumstances. *People v Williams*, 472 Mich 308, 314; 696 NW2d 636 (2005). A search conducted without a warrant is presumptively unreasonable, and thus unconstitutional. *People v Wheeler*, 336 Mich App 361, 365; 970 NW2d 438 (2021). To demonstrate that a warrantless search was reasonable, the prosecution is required to establish that the search fell within an exception to the warrant requirement. *People v Kazmierczak*, 461 Mich 411, 418; 605 NW2d 667 (2000). Searches excepted from the warrant requirement include searches incident to an arrest, automobile searches and seizures, plain view seizure, consent, stop and frisk, and exigent circumstances. *People v Davis*, 442 Mich 1, 10; 497 NW2d 910 (1993).

When evidence is obtained contrary to the constitutional protections against unreasonable searches, the evidence is subject to exclusion under the judicially-created exclusionary rule. *People v Hughes (On Remand)*, 339 Mich App 99, 110-111; 981 NW2d 182 (2021). However, because the exclusionary rule is "a harsh remedy designed to sanction and deter police misconduct where it has resulted in a violation of constitutional rights," it is used only as a last resort, *People v Frazier*, 478 Mich 231, 247; 733 NW2d 713 (2007) (quotation marks and citation omitted), and only when exclusion would further the purpose of deterring police misconduct, see *People v Goldston*, 470 Mich 523, 538; 682 NW2d 479 (2004).

The exception to the warrant requirement for the search of an automobile is based on the mobility of vehicles and the lessened expectation of privacy in an automobile. *California v Carney*, 471 US 386, 391; 105 S Ct 2066; 85 L Ed 2d 406 (1985). A warrant is not required to search an automobile if the police have probable cause to believe that the vehicle contains contraband. See *Kazmierczak*, 461 Mich at 422. "Probable cause exists when the facts and circumstances known to the police officers at the time of the search would lead a reasonably prudent person to believe that a crime has been or is being committed and that evidence will be found in a particular place." *People v Beuschlein*, 245 Mich App 744, 750; 630 NW2d 921 (2001). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of criminal activity." *People v Nguyen*, 305 Mich App 740, 752; 854 NW2d 223 (2014) (quotation marks and citation omitted).

To be valid, however, any investigatory stop must be justified at its inception. *People v Soulliere*, 509 Mich 950 (2022). Generally, the decision by police to stop an automobile is reasonable if the police have probable cause to believe that a traffic violation has occurred. *People v Kavanaugh*, 320 Mich App 293, 299; 907 NW2d 845 (2017). "[W]hen there is probable cause to believe that the driver has violated a traffic law, it is constitutional to briefly detain the driver

for purposes of addressing the violation even if the officer's subjective intent for stopping the car is based on other factors." *Id*. A traffic stop also is justified if the officer has "an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law." *People v Simmons*, 316 Mich App 322, 326; 894 NW2d 86 (2016) (quotation marks and citation omitted). "Whether an officer has a reasonable suspicion to make such an investigatory stop is determined case by case, on the basis of an analysis of the totality of the facts and circumstances." *People v Jenkins*, 472 Mich 26, 32; 691 NW2d 759 (2005).

In this case, the officers' investigatory stop of defendant's vehicle was supported by probable cause. The prosecution presented evidence that defendant's vehicle was traveling without its lights on at 10:15 p.m. on a February night. The decision by police to stop an automobile is reasonable when, as here, the police have probable cause to believe that a traffic violation has occurred. *Kavanaugh*, 320 Mich App at 299.

The remaining question is whether the officers' subsequent search, which led to the discovery of the open bottle of beer and the sobriety test results, was reasonable. The propriety of a search after a traffic stop is determined by applying the standard established in *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). *Williams*, 472 Mich at 314. "Under *Terry*, the reasonableness of a search or seizure depends on 'whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances' " of the case. *Id*., quoting *Terry*, 392 US at 20. A traffic stop is reasonable if the driver is detained only to permit the officer to ask reasonable questions about the violation of law for a reasonable period, taking into account "the evolving circumstances with which the officer is faced." *Williams*, 472 Mich at 315. "[W]hen a traffic stop reveals a new set of circumstances, an officer is justified in extending the detention long enough to resolve the suspicion raised." *Id*.

In this case, the officers stopped defendant because he was driving after dark without lighted headlights or taillights. When defendant emerged from his vehicle and headed toward his house, the officers told him to stop and get back into his vehicle. Defendant did not respond and did not comply, but instead attempted to enter the house. When Officer Smith grabbed defendant's arm, defendant slid to the ground. The officers could smell alcohol on defendant and observed that his eyes were bloodshot and glassy. The "evolving circumstances" caused the officers to search inside defendant's vehicle where they discovered the open and partially-consumed bottle of beer in the center console next to the driver's seat of the Terrain and to administer the horizontal gaze nystagmus field sobriety test, which defendant failed. The officers' search was reasonably related to the circumstances of their discovery that defendant appeared intoxicated, and the search extended only as long as was necessary "to resolve the suspicion raised" by defendant's appearance of intoxication. See *id*. Because the Fourth Amendment challenge defendant asserts his trial counsel should have made is meritless, defense counsel was not ineffective for failing to raise that challenge. See *Head*, 323 Mich App at 539.

Defendant also contends that defense counsel should have argued that the officers failed to consider that perhaps he was ill or taking medication rather than intoxicated, and further should have challenged the officers' testimony about the accuracy of the sobriety test. These arguments diverge from defendant's Fourth Amendment claims and are not fully explained or supported by defendant's brief on appeal. Moreover, the evolving circumstances presented to the officers support the officers' actions; defendant was driving the Terrain after dark without its lights, after

being stopped by police defendant left the vehicle and attempted to evade police, defendant smelled of alcohol and had glassy, bloodshot eyes, and defendant fell to the ground when Officer Smith grabbed his arm. The officers proceeded on the reasonable conclusion, drawn from these facts, that defendant was intoxicated.

## B. OV 19

Defendant contends that he is entitled to resentencing because the trial court erred by scoring offense variable (OV) 19 at 10 points. Defendant also contends that defense counsel was ineffective for failing to raise this issue at sentencing, resulting in the issue being unpreserved. We disagree.

Contrary to the parties' arguments, this issue is preserved. To preserve a challenge to the scoring of the sentencing guidelines, the defendant must raise the challenge either at sentencing, in a proper motion for resentencing, or in a proper motion for remand filed in this Court. MCR 6.429(C); *People v Ventour*, ___ Mich App ___, ___; __ NW3d ___ (2023) (Docket No. 363922); slip op at 9. Here, defendant moved in this Court for remand asserting that OV 19 was improperly scored. This Court denied the motion without prejudice to this Court determining on appeal that remand is necessary. *People v Armstrong*, unpublished order of the Court of Appeals, entered October 19, 2023 (Docket No. 363740). The filing of the motion for remand raising the scoring of OV 19 as a basis was sufficient to preserve this challenge to the scoring of the guidelines. See *People v McChester*, 310 Mich App 354, 357; 873 NW2d 646 (2015). We review de novo whether the trial court's factual findings support a particular score under the guidelines, which is a question of statutory interpretation. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). We review for clear error the trial court's factual findings, which must be supported by a preponderance of the evidence. *Id*.

A defendant is entitled to be sentenced based on accurate information and accurately scored guidelines. *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). Under the sentencing guidelines, the trial court is required to score the applicable offense variables and prior record variables to determine the range for the minimum sentence, *People v Kimble*, 470 Mich 305, 309; 684 NW2d 669 (2004), though the sentencing guidelines are advisory only, *People v Posey*, 512 Mich 317, 325; 1 NW3d 101 (2023).

Resentencing is appropriate when the defendant's sentence was based upon an inaccurate calculation of the sentencing guidelines range. See *Francisco*, 474 Mich at 89. In this case, OV 19 was scored at 10 points, resulting in defendant's minimum sentence range being calculated at 10 to 34 months. If OV 19 were scored at zero as defendant suggests it should be, defendant's minimum sentence range would be 7 to 34 months. Because defendant's minimum guidelines range would be altered by correction of the alleged scoring error, defendant would be entitled to resentencing if there were a valid basis for his assertion that OV 19 was improperly scored.

Defendant contends that a preponderance of the evidence did not support assessing 10 points for OV 19. Under MCL 777.49(c), the trial court must assess 10 points for OV19 if the defendant "otherwise interfered with or attempted to interfere with the administration of justice." This provision is broadly interpreted. See *People v Barbee*, 470 Mich 283, 286-287; 681 NW2d 348 (2004). The trial court may consider any acts that indicate that the defendant interfered with,

or attempted to interfere with, the judicial process or the investigation by law enforcement officers. See *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010) ("[P]ostoffense conduct may be considered when scoring OV 19"). In addition, OV 19 generally is scored at 10 points for conduct "that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016). However, simply not assisting the police in an investigation does not demonstrate interference with a police investigation. *People v Teike*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363705); slip op at 7, citing *People v Deweerd*, 511 Mich 979, 980-981 (2023).

The facts in this case support the trial court's assessment of 10 points for OV 19. When the officers stopped defendant's vehicle, they pulled into the driveway behind the Terrain with their emergency lights activated. As defendant got out of the Terrain and walked toward the house, the officers shouted to defendant to stop walking and return to the Terrain. Defendant did not comply but instead attempted to enter his home, suggesting that he was trying to evade the officers and avoid being arrested. See *Sours*, 315 Mich App at 349.

Defendant also contends that defense counsel was ineffective for failing to raise this issue at sentencing, resulting in the issue being unpreserved. As discussed, however, the issue is not unpreserved. The filing of the motion for remand in this Court raising the scoring of OV 19 as a basis was sufficient to preserve the challenge to the scoring of the guidelines. See *McChester*, 310 Mich App at 357. Moreover, because the challenge raised is without merit, defense counsel was not ineffective for failing to raise it at sentencing. See *Head*, 323 Mich App at 539.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Philip P. Mariani