*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL ALLEN GRASSNICK,

Defendant-Appellant.

UNPUBLISHED
June 03, 2025
1:38 PM

No. 370216
St. Joseph Circuit Court
LC No. 21-024078-FH

Before: PATEL, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*), carrying a concealed weapon (pistol), MCL 750.227, resisting or obstructing a police officer, MCL 750.81d(1), and possession of a firearm when committing a felony (felony-firearm), MCL 750.227b(1).[1] The trial court sentenced defendant to 2 to 30 years' imprisonment for the methamphetamine conviction, seven months in jail for the concealed weapon conviction, two months in jail for the resisting-and-obstructing conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a traffic stop of a truck in which defendant was a passenger. Officer Jared Diekman was working road patrol when he saw a pickup truck with an "exhaust pipe that was defective and hanging down, not properly secured to the vehicle." Diekman ran the truck's license plate through the Law Enforcement Information Network (LEIN). LEIN indicated the truck was uninsured, so he conducted a traffic stop. The driver could not provide her driver's license, and Diekman determined at the scene that her license was suspended. Defendant told

---

[1] The jury acquitted defendant of another carrying a concealed weapon charge (knife), as well as another resisting-and-obstructing charge pertaining to a second officer at the scene.

Diekman that he owned the truck but had not gotten the title yet and was still using the previous owner's registration and plate. Defendant was also unable to provide proof of insurance.

At this point, Diekman noticed defendant appeared to be trying to hide a bag from Diekman's view. Diekman asked defendant to exit the truck because, as an uninsured vehicle, it needed to be impounded. Defendant refused to comply. After a protracted physical altercation, defendant was removed from the truck. Diekman then conducted an inventory search and found methamphetamine, mushrooms, ammunition, a knife, a pistol, two methamphetamine pipes, and mail addressed to defendant. Defendant was arrested and charged as noted.

Defendant moved to suppress the evidence found from the inventory search, arguing Diekman did not have a valid reason to conduct the traffic stop, and averring that the stop was pretextual. The trial court denied the motion, and defendant was convicted as noted. While this appeal to this Court was pending, defendant moved for a new trial arguing that trial counsel was ineffective for failing to emphasize the statutory language behind the loose tailpipe and failing to argue that the Secretary of State's provision of the insurance information to law enforcement violated the separation of powers. The trial court disagreed and denied the motion. Defendant now appeals.

## II. UNREASONABLE SEIZURE

Defendant first argues that Diekman did not have a valid basis for his traffic stop. We disagree.

## A. STANDARD OF REVIEW

This Court reviews a trial court's factual findings on a motion to suppress for clear error. *People v Mathews*, 324 Mich App 416, 424; 922 NW2d 371 (2018). "To the extent that a trial court's ruling on a motion to suppress involves an interpretation of the law or the application of a constitutional standard to uncontested facts, our review is de novo." *Id*. (quotation marks and citation omitted). The trial court's "ultimate decision on a motion to suppress[]" is also reviewed de novo. *Id*. (quotation marks and citation omitted).

## B. ANALYSIS

The Fourth Amendment of the United States Constitution protects "against unreasonable searches and seizures." US Const, Am IV; see also Const 1963, art 1, § 11. "Under the Fourth Amendment, stopping a vehicle and detaining the occupants amounts to a seizure." *People v Simmons*, 316 Mich App 322, 326; 894 NW2d 86 (2016). "A traffic stop is justified if the officer has an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law." *People v Mazzie*, 326 Mich App 279, 292; 926 NW2d 359 (2018) (quotation marks and citations omitted). "This includes a violation of a traffic law." *Id*. (quotation marks and citations omitted). "Whether an officer has a reasonable suspicion to make such an investigatory stop is determined case by case, on the basis of an analysis of the totality of the facts and circumstances." *Id*. (quotation marks and citation omitted).

Regardless of the parties' arguments as to whether the defective tailpipe served an adequate basis for the stop, the prosecution correctly explains on appeal that the tailpipe only served to pique Diekman's interest; it was actually the lack of insurance for the truck that led to the traffic stop. This Court has previously held that an officer may rely on LEIN information that a vehicle is uninsured as a proper basis to stop a vehicle. *Id*. at 297. Thus, the traffic stop was valid.

## III. SEPARATION OF POWERS

Defendant next argues that the Secretary of State violated the separation of powers by providing the electronic insurance information to law enforcement through LEIN. We disagree.

### A. STANDARDS OF REVIEW

"Questions of constitutional law are reviewed de novo." *People v Hughes*, 506 Mich 512, 522; 958 NW2d 98 (2020). Questions of statutory interpretation are also reviewed de novo. *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002).

### B. ANALYSIS

"The powers of government are divided into three branches: legislative, executive[,] and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 3, § 2.

> While the Constitution provides for three separate branches of government, the boundaries between these branches need not be airtight. In fact, in designing the structure of our Government and dividing and allocating the sovereign power among three co-equal branches, the Framers of the Constitution sought to provide a comprehensive system, but the separate powers were not intended to operate with absolute independence. The true meaning [of the separation-of-powers doctrine] is that the whole power of one of these departments should not be exercised by the same hands which possess the whole power of either of the other departments; and that such exercise of the whole would subvert the principles of a free Constitution. [*People v Cameron*, 319 Mich App 215, 232-233; 900 NW2d 658 (2017), quoting *Makowski v Governor*, 495 Mich 465, 482; 852 NW2d 61 (2014).]

"If the grant of authority to one branch is limited and specific and does not create encroachment or aggrandizement of one branch at the expense of the other, a sharing of power may be constitutionally permissible." *Cameron*, 319 Mich App at 233 (quotation marks and citation omitted).

The Michigan Vehicle Code, MCL 257.1 *et seq*., has provisions which limit disclosure of certain pieces of information. Relevant to this appeal, MCL 257.227(4) states, in relevant part:

> Vehicle policy information submitted by an insurer and received by the secretary of state under this subsection is confidential, is not subject to the freedom of information act . . . and shall not be disclosed to any person except the department

of community health . . . or under an order by a court of competent jurisdiction in connection with a claim or fraud investigation or prosecution.

Here, defendant fails to identify a separation-of-powers problem, let alone one that entitles him to relief. Separation-of-powers issues arise when one branch of government impermissibly encroaches on the authority of another branch. Const 1963, art 3, § 2. There is no evidence in this case that the Secretary of State ever encroached on the Legislature's authority. Indeed, defendant's unsupported separation-of-powers claim seems to be merely an alternative argument seeking evidence suppression—an argument that we previously rejected when we held that suppression of evidence is not the correct remedy in response to an alleged violation of these particular statutes:[2]

> Nothing within MCL 257.227 or MCL 500.3101a indicates a legislative intent that the drastic remedy of the exclusion of evidence should be applied for violations of these statutes. Neither statute indicates that, should the confidential information be shared in a manner other than specifically permitted, the exclusionary rule is applicable. Moreover, the purpose of the exclusionary rule, "to sanction police misconduct as a means of deterrence," would not be served because it was the Secretary of State that committed any violation of the statute, not the law enforcement officers who pulled over the vehicle. Relatedly, the purpose of these statutory provisions is not to deter police misconduct, but to ensure confidentiality of certain information. And finally, . . there are no constitutional concerns with the officers using this information to establish reasonable suspicion. Thus, even if the provision of the insurance information to the LEIN system was in violation of the statutes, the trial court erred in invoking the exclusionary rule to exclude evidence obtained from the vehicle. [*Mazzie*, 326 Mich App at 290-291 (citations omitted).]

---

[2] We also rejected defendant's precise argument in *People v Carter*, unpublished per curiam opinion of the Court of Appeals, issued June 22, 2023 (Docket No. 358709).

*Mazzie* is published and thus binding on this Court.  MCR 7.215(C)(2).  Therefore, we are obligated to follow its holding.[3]

Affirmed.[4]

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

---

[3] Defendant attempts to circumvent *Mazzie* by arguing that he is not seeking application of the exclusionary rule, only adherence to the statute by "prohibit[ing] the witness from testifying to what he learned by the unauthorized access to the data."  This is a distinction without a difference; the end-result would be the same—the exclusion of evidence.

[4] Defendant's ineffective-assistance-of-counsel argument is entirely premised on trial counsel's failure to raise the issues raised in Issues I and II in this appeal.  But both of defendant's arguments as to these issues are meritless.  "Failure to raise a futile objection or advance a meritless argument does not constitute ineffective assistance of counsel."  *People v Isrow*, 339 Mich App 522, 532; 984 NW2d 528 (2021).  Thus, trial counsel was not ineffective.